```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
McKINLEY MILLER, III,

                Plaintiff,
                                        MEMORANDUM AND ORDER
        -against-                       18-CV-6500(JS)(GRB)

NASSAU HEALTH CARE CORPORATION,
NASSAU COUNTY CORRECTIONAL CENTER,
CORRECTIONAL HEALTH SERVICES,
MRS. DONNA HENIG, and MRS. JANUZ,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      McKinley Miller, III, pro se
                    18002720
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, New York 11554

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On November 13, 2018, incarcerated pro se plaintiff McKinley Miller, III ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau Health Care Corporation ("NHCC"), the Nassau County Correctional Center (the "Jail"), Correctional Health Services ("CHS"), Donna Henig, M.D. ("Dr. Henig") and nurse Januz ("Januz" and collectively, "Defendants"). Plaintiff did not pay the filing fee, nor did he file an application to proceed in forma pauperis with the Complaint. Accordingly, by Notice of Deficiency dated November 14, 2018, (see Docket Entry 2), Plaintiff was instructed

to either remit the Court's filing fee or to complete and return the enclosed application to proceed in forma pauperis and Prisoner Litigation Authorization form ("PLRA") within fourteen (14) days. On November 19, 2018, Plaintiff timely filed an application to proceed in forma pauperis and PLRA. (See IFP Mot., Docket Entry 6.) Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

## BACKGROUND[1]

Plaintiff's brief handwritten Complaint is submitted on the Court's Section 1983 complaint form. In its entirety, Plaintiff alleges:[2]

> Upon arrival at facility on May 2, 2018, the medical unit contacted the pharmacy and my physician: Mr. Alfred Faust, M.D. [address and phone number omitted] to request the kind of medication that I am on which Dr.

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

> Faust and pharmacy confirm all medications do to the 3 surgerys I've had on my back and need on my neck, I have a serious case of degenerative loss of disc 'stenosis'--diabetic neuropathy as well as sciatica nerve pain which requires "Oxycodone 30 mg tablet Q6H MDD 4," four times a day, sometimes more do to severe pain throughout body, but they have been refusing me this medication from day 1 one but gives it to selective Caucasian all the time while I'm in dire pain and wake up crying all the time. All they say is deal with it b/c they are not giving it to me.

(Compl. ¶ II.) In the space on the form Complaint that calls for a description of any claimed injuries, Plaintiff alleges:

> Some form of medication is being received but not the appropriate one that help mask the pain that my body reacts to throughout the day that my Dr. prescribes for me that helps a lot at lease I can bare the pain a bit better, I am dieing in here without the propper medication and medical assistance. I am disabled and use a walker, back [indecipherable] not back brace that is needed as well as leg brace'es that is needed not sleeves, also need cane.

Compl. ¶ II.A.) As a result of the foregoing, Plaintiff brings deliberate indifference claims pursuant to Section 1983 for which he seeks to recover a monetary award in the sum of $1 million as well as an order directing Defendants to provide him with "Oxycodone 30 mg tablets Q6H HDD4" as allegedly prescribed for him by Dr. Faust. (Compl. ¶ III.)

## DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of the application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court finds that Plaintiff is qualified to commence this action without prepayment

3

of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

## II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir.

4

2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. Cty. of Suffolk, No. 07-CV-2138, 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

A. Claims Against Dr. Henig and Januz

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits,

5

a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." 556 U.S. at 676, 129 S. Ct. at 1948. A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although Plaintiff names Dr. Henig and Januz as Defendants in the caption of the Complaint, neither of them are mentioned in the body of the Complaint. Wholly absent are any factual allegations of conduct or inaction attributable to either Dr. Henig or Januz. Because the Complaint is devoid of any allegations sufficient to establish any personal involvement by Dr. Henig or Januz in the conduct of which Plaintiff complains, Plaintiff's Section 1983 claims against Dr. Henig and Januz are not plausible and are thus DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

B. Claims Against the Jail

It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cty. Corr. Fac., 781 F. Supp. 2d 107,

6

109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[ ] . . . of the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted). Thus, Plaintiff's Section 1983 claims against the Jail are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

Given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court has considered whether Plaintiff has alleged a plausible Section 1983 claim against the municipality, Nassau County, and finds that he has not for the reasons that follow.

1. Claims as Construed against Nassau County

It is well-established that a municipality such as Nassau County cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may

be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91 (internal citation omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d

415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'") (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County. Accordingly, even as construed against Nassau County, the Complaint does not allege a plausible Section 1983 claim.

C. Claims against NHCC and CHS

NHCC is a public benefit corporation created under New York law. See N.Y. Pub. Auth. Law §§ 3400-3420; see also Jandres v. Nassau Cty. Med. Ctr., 12-CV-3132, 2012 WL 3064175, *4 n.2 *E.D.N.Y. July 25, 2012). CHS is a part of the NHCC. Public benefit corporations, such as the NHCC, are municipal entities for the purpose of Section 1983. See, e.g., McGrath v. Nassau Health Care Corp., 217 F. Supp. 2d 319, 330 (E.D.N.Y. 2002) ("Public benefit corporations are governmental entities for Section 1983's purposes."); Sewell v. N.Y. City Transit Auth., Nos. 90-CV-3734, 91-CV-1274, 1992 WL 202418, at * 2-3 (E.D.N.Y. Feb. 10, 1992) ("The 'policy or custom' requirement of Monell applies to public

9

corporations as well as to municipalities. . . . Hence, in order to maintain a cause of action under Section 1983 against [a public benefit corporation], the plaintiff must plead that an impermissible 'policy or custom' of that public benefit corporation denied him his federal rights."); see also Dangler v. N.Y. City Off Track Betting Corp., 193 F.3d 130, 142-43 (2d Cir. 1999) (applying Monell to claims against the OTB, a public benefit corporation). "Accordingly, to maintain actions brought under Section 1983 against public benefit corporations, plaintiffs must show that those corporations maintained a custom or policy that deprived them of a constitutional right." McGrath, 217 F. Supp. 2d at 330.

Here, as is readily apparent, Plaintiff has not alleged any "injury to a constitutionally protected right . . . that . . . was caused by a policy or custom of the [NHCC] or by a[n] [NHCC] official responsible for establishing final policy.'" Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008) (internal quotation marks and citation omitted). Accordingly, Plaintiff's Section 1983 claims against the NHCC and CHS are not plausible and are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless

amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here.  Because the defect in Plaintiff's claim against the Jail is substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint against the Jail is DENIED.  However, in an abundance of caution, Plaintiff is GRANTED leave to file an Amended Complaint in order to allege any valid claims he may have against the municipality, Nassau County, and/or any other Defendants in accordance with the guidance set forth above.  Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Order, 18-CV-6500(JS)(GRB), and shall be filed within thirty (30) days from the date of this Order.  Plaintiff is cautioned that an Amended Complaint completely replaces the original. Therefore, Plaintiff must include any and all claims against any Defendant(s) he seeks to pursue in the Amended Complaint. If Plaintiff does not file an Amended Complaint within the time allowed, judgment shall enter without further notice.

Plaintiff is further advised that, to state a claim for deliberate indifference to a serious medical need, a plaintiff must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind. Although Plaintiff did not indicate in the Complaint whether he is a sentenced prisoner or a pretrial detainee at the time of the

incidents alleged, any Amended Complaint should include such information because his deliberate indifference claims would arise under the Fourteenth Amendment due process clause if he is a pretrial detainee, and the Eighth Amendment if he is a convicted prisoner. However, either way, prison officials who act with mere negligence will not be held liable for constitutional violations because "any § 1983 claim for a violation of due process requires proof of a mens rea greater than mere negligence." Darnell v Pineiro, 849 F.3d 17, 33, 36 (2d Cir. 2017); see also Grimmett v. Corizon Med. Assocs. of N.Y., 15-CV-7351, 2017 WL 2274485, at *4 (S.D.N.Y. May 24, 2017) (holding that more than negligence is required to hold a defendant liable for violating either the Eighth or Fourteenth Amendment) (citing Darnell, 849 F.3d at 36).

Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983; see Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006); nor does a difference of opinion regarding what constitutes an appropriate response and treatment. Ventura v. Sinha, 379 F. App'x 1, 2-3 (2d Cir. 2010). Accordingly, rather than file an Amended Complaint in this Court, Plaintiff may elect to pursue any valid claims, including medical malpractice, in state court.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Jail for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff's Section 1983 claims against the NHCC, CHS, Dr. Henig, and Januz are not plausible and are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

Plaintiff is GRANTED leave to file an Amended Complaint in order to allege any valid claims he may have against the municipality, Nassau County, and/or any other Defendants in accordance with the guidance set forth above. Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Order, 18-CV-6500(JS)(GRB), and shall be filed within thirty (30) days from the date of this Order. Alternatively, rather than file an Amended Complaint in this Court, Plaintiff may elect to pursue any valid claims, including medical malpractice, in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

13

The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: May  16 , 2019
       Central Islip, New York